VÍCTOR M. SUÁREZ y OTROS, demandantes y recurrentes, *v.* THE BANKERS CLUB OF PUERTO RICO, INC. y UNIÓN, demandados y recurridos.

*Número:* RE-90-659    *Resuelto:* 12 de mayo de 1997

*Kermit Ortiz Morales*, de *Vilanova, Amador y Ortiz*, abogado de los recurrentes; *Enrique Vélez Rodríguez* y *Julio A. Díaz Valdés*, de *Lesprir & Muñoz Noya*, abogados de la corporación recurrida.

PER CURIAM: El 18 de noviembre de 1983 los demandantes recurrentes fueron cesanteados de sus empleos en la sucur-

sal del Viejo San Juan del Bankers Club (en adelante Bankers). El 16 de mayo de 1984 presentaron una querella ante la Unidad Antidiscrimen del Departamento del Trabajo de Puerto Rico (en adelante Unidad), al amparo de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. sec. 146 *et seq.*

En dicha querella alegaron que fueron despedidos por razón de edad, ello en violación de la mencionada Ley Núm. 100.([1]) Dicha querella fue notificada al Bankers el 11 de julio de 1984. El 9 de octubre de 1985, la Unidad —luego de realizar las investigaciones de rigor— declaró sin lugar la querella y determinó así que no existía causa probable por discrimen.

El 7 de octubre de 1986, los demandantes recurrentes presentaron una demanda ante el antiguo Tribunal Superior, Sala de San Juan, contra el Bankers y la Unión Gastronómica de Puerto Rico, Local Núm. 610 (en adelante Unión).

Luego de varios incidentes procesales, el Bankers presento una moción de desestimación en la que alegaba, en síntesis, que la demanda estaba prescrita ya que no fue presentada dentro del año siguiente a la fecha de notificación de la querella presentada en la Unidad. Señaló, además, que como las funciones de la Unidad son exclusivamente de naturaleza investigativa y conciliatoria, no tiene la facultad para conceder una indemnización por daños, por lo que la querella presentada por los recurrentes no tuvo el efecto de suspender el término prescriptivo. Los

---

([1]) El Art. 1 de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. sec. 146, dispone, en lo pertinente, que incurrirá en responsabilidad civil y en delito menos grave "[t]odo patrono que despida, suspenda o discrimine contra un empleado suyo en relación a su sueldo, salario, jornal o compensación, términos, categorías, condiciones o privilegios de su trabajo, o que deje de emplear o reh[ú]se emplear o reemplear a una persona, o limite o clasifique sus empleados en cualquier forma que tienda a privar a una persona de oportunidades de empleo o que afecten su *status* como empleado por razón de edad, según esta se define más adelante, raza, color, sexo, origen social o nacional, condición social, ideas políticas o religiosas del empleado o solicitante de empleo".

demandantes recurrentes adujeron, por su parte, que durante el tiempo en que la querella estuvo ante la consideración de la Unidad, el término se mantuvo en suspenso hasta tanto se emitiera la determinación de la Unidad. El 10 de octubre de 1990, el tribunal de instancia dictó una sentencia desestimatoria. En ella resolvió que la notificación de la querella a los demandados interrumpió el término prescriptivo pero que, en ausencia de reclamación extrajudicial subsiguiente, dicho término había ya expirado.

Inconforme, los demandantes recurrieron ante nos. En su recurso solicitan que revisemos la sentencia que dictó el tribunal de instancia y señalan dos (2) errores:

> A.   Erró el Honorable Tribunal de Instancia, al concluir, contrario a elementales principios de derecho administrativo, que la demanda de autos está p[res]crita.
> B.   Erró el Honorable Tribunal de Instancia al concluir, como cuestión de derecho, que la radicación de una querella administrativa ante la unidad antidiscrimen del Departamento del Trabajo, solamente interrumpe el término prescriptivo por el período de un año, independientemente de que el organismo administrativo haya finalizado con su intervención. Solicitud de revisión, pág. 5.

La controversia se reduce, pues, a resolver si el término prescriptivo para presentar una acción por daños al amparo de la Ley Núm. 100, *supra*, queda suspendido mientras se ventila la querella por discrimen ante la Unidad.

## I

En *Srio. del Trabajo v. F.H. Co., Inc.*, 116 D.P.R. 823 (1986), resolvimos que la notificación de la querella presentada ante la Unidad constituía una reclamación extrajudicial que interrumpía el término prescriptivo. Dijimos en aquella ocasión que "[r]esolver lo contrario iría en contra de la política pública del Estado, pues, serían pocos los trabajadores que acudirían en auxilio inicialmente al

Departamento del Trabajo y Recursos Humanos por temor a que su reclamación prescribiera". Íd., págs. 827–828.

■ Sería igualmente contrario a la política pública del Estado y al propósito protectivo y remediador de las leyes relativas al trabajo, resolver que el término prescriptivo *no queda suspendido*. El Estado tiene un interés importante en la protección de los obreros y en la preservación de la paz industrial. Para ello provee diversos mecanismos administrativos dirigidos a la solución extrajudicial de conflictos.

Igualmente, en su interés de promover la solución extrajudicial de disputas, la Asamblea Legislativa enmendó el Art. 5 de la Ley Núm. 100, *supra*, mediante la Ley Núm. 10 de 31 de mayo de 1991, para que su cuarto párrafo disponga, en lo pertinente, lo siguiente:

> Cuando se presente una querella por discrimen en el Departamento del Trabajo y Recursos Humanos, el término prescriptivo de un año para iniciar la acción judicial quedará interrumpido al notificarse la querella al patrono o querellado, siempre y cuando que la notificación se efectúe dentro de dicho término prescriptivo. Dicho término prescriptivo quedará además en *suspenso o congelado* mientras la querella se continúe tramitando en el Departamento del Trabajo y Recursos Humanos y no se haya notificado al querellado la determinación del Secretario de dicho Departamento sobre la reclamación. (Énfasis suplido.) 29 L.P.R.A. sec. 150.

## II

Conforme a lo anterior resolvemos que, habiéndose presentado la querella en el caso de marras ante la Unidad y habiendo sido notificada al patrono y a la Unión, recurridos, dentro del término prescriptivo de un (1) año para la acción judicial, dicho término prescriptivo quedó interrumpido y en suspenso (*congelado*) hasta el 9 de octubre de 1985, fecha en que tales querellados fueron notificados de la determinación tomada por el Secretario del Departa-

mento del Trabajo y Recursos Humanos con respecto a la querella.

En aras de evitar los litigios y de no fomentar la presentación de pleitos innecesarios, debemos dejar clara nuestra política judicial al efecto de que siempre que el ordenamiento jurídico provea algún remedio potencial o real, primario o alterno, en la esfera administrativa, los tribunales se abstendrán de intervenir hasta tanto se resuelva el trámite administrativo en aquellos casos cuando la persona, ante la alternativa de recurrir a la vía administrativa o judicial, haya optado por la primera, *a menos que sea absolutamente necesaria* la intervención del tribunal. Cuando el ordenamiento jurídico provee rutas alternas para vindicar un derecho concedido por ese mismo ordenamiento, no se debe deducir que el derecho a reclamar posteriormente por la vía judicial queda extinguido. Ese derecho se debe mantener latente, más aún cuando la alternativa escogida contribuye a evitar la iniciación de pleitos innecesarios que significan una mayor carga a los ya abrumados tribunales de justicia junto a los costos, la adversidad y la ansiedad para las partes que conlleva la litigación en nuestros días.

Por todo lo cual, *se revocará la sentencia recurrida y se devolverá el caso para la continuación de los procedimientos de forma compatible con esta opinión.*

Los Jueces Asociados Señores Negrón García y Rebollo López concurrieron con el resultado sin opinión escrita.