SANDRA MALDONADO VEGA y OTROS, apelantes, *v.* PEDRO RUSSE SANTIAGO y OTROS, apelados.

*Número:* AC-1999-55          *Resuelto:* 8 de febrero de 2001

*Víctor M. Rivera Torres*, abogado de la parte apelante; *Gilberto E. Padua Trabal*, abogado de la parte apelada.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Durante el mes de febrero de 1990, Sandra Maldonado Vega comenzó a trabajar para el Lcdo. Héctor Russe Martínez en su negocio dedicado a la venta de comidas, conocido como Happy Fried Chicken. En julio de 1993, el licenciado Russe vendió dicho negocio al Sr. Pedro Russe

Santiago, quien retuvo como empleada a la señora Maldonado.

En diciembre de ese mismo año, la señora Maldonado fue informada, por su médico particular, que se encontraba en estado de embarazo, situación que notificó a su patrono, el señor Russe Santiago. Posteriormente, el 9 de marzo de 1994, la señora Maldonado fue suspendida de su empleo hasta nuevo aviso, por alegadamente no haber trabajo para ella. Para esa fecha contaba con aproximadamente cuatro (4) meses de embarazo.

Ante tal acción, el 11 de marzo de 1996, la señora Maldonado, su esposo, Jorge L. González Otero, y la sociedad legal de gananciales compuesta por ambos, presentaron demanda ante el Tribunal de Primera Instancia, Sala Superior de Arecibo, contra el señor Russe Santigo, su esposa y la sociedad legal de gananciales habida entre ellos. Alegaron que la señora Maldonado fue despedida de su empleo sin justa causa y en forma discriminatoria, contrario a lo establecido por los siguientes estatutos: Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a *et seq.*) —en adelante Ley Núm. 80—; Ley Núm. 3 de 13 de mayo de 1942 (29 L.P.R.A. sec. 469 *et seq.*) —en adelante Ley Núm. 3—, y Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. sec. 1341) —en adelante Ley Núm. 69—. En resumen, adujeron que el despido se debió a su estado de embarazo. Debido a ello, reclamaron daños por más de cien mil dólares ($100,000), todos los ingresos dejados de percibir como resultado del despido discriminatorio, y el dinero adeudado por concepto de días de vacaciones acumulados. La parte demandada respondió a la demanda levantando varias defensas, *entre ellas la de prescripción.*

Luego de varios incidentes, el 30 de junio de 1998 la parte demandada presentó una moción solicitando la desestimación de la reclamación de discrimen por razón de embarazo bajo la Ley Núm. 3, *por entender que la misma estaba prescrita.* La parte demandante se opuso a la mo-

ción mediante escrito presentado el 9 de julio de 1998, en el cual sostuvo que el término prescriptivo aplicable a la acción instada, en virtud de la Ley Núm. 3, es de tres (3) años, contado dicho término a partir de la fecha del despido injustificado. No obstante, en la alternativa, alegó que de entender el tribunal que el término aplicable es el de un (1) año, el mismo quedó interrumpido por las gestiones realizadas por la señora Maldonado ante el Negociado de Normas de Trabajo del Departamento del Trabajo y Recursos Humanos de Puerto Rico.

El foro de instancia acogió la moción de desestimación presentada por la parte demandada como una solicitud de sentencia sumaria. Así, el 11 de febrero de 1999 dictó sentencia sumaria parcial resolviendo que la acción de discrimen por embarazo se encontraba prescrita ya que el término prescriptivo aplicable era el de un (1) año. Además, indicó que las gestiones realizadas por el Negociado de Normas de Trabajo no interrumpieron dicho término prescriptivo.[1]

El 29 de marzo de 1999, la parte demandante apeló de dicha sentencia ante el Tribunal de Circuito de Apelaciones por entender que erró el tribunal de instancia al resolver que la acción bajo la Ley Núm. 3 estaba prescrita, y que la misma no fue interrumpida extrajudicialmente por las gestiones realizadas ante el Negociado de Normas de Trabajo.

El 23 de agosto de 1999, el tribunal apelativo intermedio dictó sentencia *confirmando* al foro de instancia en cuanto a los señalamientos antes indicados, y devolviendo el caso para que continuaran los procedimientos relacionados con las acciones por despido injustificado, bajo la Ley Núm. 80, y por el dinero adeudado por concepto de días de vacaciones acumulados. Inconforme, la parte demandante presentó moción de reconsideración, la cual fue declarada

---

[1] A pesar de que la sentencia hace referencia a una moción de sentencia sumaria presentada por la parte demandante, no surge de la misma que ésta haya sido resuelta. Sin embargo, en consideración a los errores planteados ante este Tribunal no es menester atender dicho asunto.

no ha lugar mediante resolución emitida el 23 de septiembre de 1999.

El 27 de octubre de 1999, la parte demandante apeló ante este Tribunal señalando que erró el Tribunal de Circuito de Apelaciones:

A. ... al determinar que el término prescriptivo de una acción bajo la ley de madre obrera es de 1 año, similar a las acciones de discrimen bajo la ley 100 y las acciones bajo el artículo 1802 del Código Civil.

B. ... al no considerar las cartas remitidas por el Departamento del Trabajo dentro del año siguiente a la fecha del despido como que interrumpieron extrajudicialmente el término prescriptivo.

C. ... al determinar que la Directora del Negociado de Normas del Departamento del Trabajo no tiene legitimación para representar los derechos de una trabajadora e interrumpir el término prescriptivo. Apelación, págs. 10–11.

El 16 de diciembre de 1999, emitimos resolución acogiendo el recurso de apelación. Estando en posición de resolver, procedemos a así hacerlo.

## I

La prescripción extintiva persigue el propósito de castigar la inercia en el ejercicio de los derechos. Esta figura jurídica responde a una presunción legal de abandono, derivada del hecho del transcurso de un tiempo determinado sin reclamarse un derecho. De esta forma se garantiza la estabilidad de la propiedad y la certidumbre de los demás derechos. No obstante, la prescripción no es una figura rígida, sino que admite ajustes judiciales según las circunstancias particulares de los casos y nuestras nociones de lo que es justo. *Padín v. Cía. Fom. Ind.*, 150 D.P.R. 403 (2000). Véanse, además: *Vega v. J. Pérez & Cía., Inc.*, 135 D.P.R. 746, 753 (1994); *García Aponte et al. v. E.L.A. et al.*, 135 D.P.R. 137, 142 (1994).

Bajo nuestro sistema de derecho, la figura de la

prescripción es materia de derecho sustantivo, regida por las disposiciones del Código Civil. *Vega v. J. Pérez & Cía., Inc.*, ante; *García Aponte v. E.L.A.*, ante. Como norma general, el Art. 1864 del Código Civil dispone que las acciones personales *que no tengan un término especial de prescripción* prescriben a los quince (15) años. 31 L.P.R.A. sec. 5294. Sin embargo, este término no aplica automáticamente cuando la ley no fija un término particular para una acción personal, pues en tales situaciones debemos utilizar inicialmente el término de mayor analogía. *Suárez Ruiz v. Figueroa Colón*, 145 D.P.R. 142 (1998); *Lozada Torres v. Collazo*, 111 D.P.R. 702, 704 (1981); *Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740 (1981).

A tenor con estos principios, procedemos a considerar el primer señalamiento de error planteado por la parte demandante apelante.

## II

Los demandantes aducen que el término prescriptivo aplicable a la acción reconocida por la Ley Núm. 3 es el de tres (3) años establecido por la Ley Núm. 80. De otro lado, la parte demandada sostiene que debe aplicarse el término de un año por encontrarnos ante una acción de daños por discrimen en el empleo.

La Ley Núm. 3 colocó a las madres obreras puertorriqueñas en una posición especial y distinta en comparación a los demás empleados. Esta ley forma parte de un esquema trazado por el Estado para proveer a la mujer embarazada una garantía mayor *contra el discrimen en el trabajo por razón de sexo*. Véase *Rivera Águila v. K-Mart de P.R.*, 123 D.P.R. 599, 609 (1989).

En sus inicios, esta legislación reconocía dos (2) derechos separados que operaban en diferentes situaciones y con distintos resultados. *Schneider v. Tropical Gas Company, Inc.*, 95 D.P.R. 626, 632 (1967). El *primero* de ellos

era el derecho al descanso, el cual se refería únicamente a las cuatro (4) semanas anteriores y posteriores al alumbramiento, con derecho a media paga. Véase Sec. 2 de la Ley Núm. 3 (29 L.P.R.A. sec. 467). El *segundo*, disponía que el "patrono no podrá, sin justa causa, despedir a la mujer embarazada. No se entenderá que es justa causa el menor rendimiento para el trabajo, en razón del embarazo". Sec. 4 de la Ley Núm. 3 (29 L.P.R.A. sec. 469). En cuanto a este último, la Ley Núm. 3 no proveía un remedio particular para las mujeres embarazadas despedidas sin justa causa. En vista de ello, aquellas mujeres embarazadas, despedidas sin justa causa, que habían sido contratadas sin término fijo sólo tenían derecho a la mesada establecida bajo la Ley de Despido vigente en ese entonces. R.N. Delgado Zayas, *Apuntes para el estudio de la legislación protectora del trabajo en el derecho laboral puertorriqueño*, 2da ed., San Juan, Pubs. Laborales, 1996, págs. 173–174. Véase, también, *Schneider v. Tropical Gas Company, Inc.*, ante.

Ante tal situación, la Ley Núm. 3 fue enmendada por la Ley Núm. 39 de 19 de junio de 1969 (29 L.P.R.A. secs. 467 y 469), con el fin de proveer un remedio adecuado y suficiente a la mujer embarazada despedida sin justa causa. Informe de la Comisión de Trabajo y Fomento Cooperativo del Senado sobre el P. del S. 14 de 1ro de abril de 1969, pág. 3. Como parte de las enmiendas introducidas, se añadió un inciso (a) a la Sec. 4 de la Ley Núm. 3 (29 L.P.R.A. sec. 469(a)), el cual lee de la siguiente forma:

> (a) Todo patrono que despida, suspenda, reduzca el salario o discrimine en cualquier forma contra una trabajadora por razón de la merma en su producción mientras ésta se encuentre en estado de embarazo o rehúse restituirla en su trabajo luego del alumbramiento, incurrirá en responsabilidad civil por una suma igual al doble del importe de los daños que cualquiera de los actos antes mencionados haya causado a la trabajadora, o por una suma no menor de cien dólares ($100) ni mayor de mil dólares ($1,000) a discreción del Tribunal si no se pudieran determinar daños pecuniarios o el doble de éstos si montaran a una suma menor de cien dólares ($100).

La empleada además tendrá derecho a que se le reponga en su trabajo so pena de incurrir el patrono en daños adicionales idénticos o iguales a los establecidos en esta sección.

En esencia, este inciso reconoce a la mujer embarazada "una causa de acción *por daños* contra su patrono si ésta es despedida por cualquier merma en la producción que ocurra como consecuencia del embarazo". (Énfasis suplido.) Informe de la Comisión de Trabajo y Fomento Cooperativo del Senado, ante.

Este inciso es *análogo* a lo dispuesto por la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. sec. 146 *et seq.*, conocida como Ley Contra el Discrimen en el Empleo. A estos efectos, el Art. 1 del antes mencionado estatuto establece que:

> *Todo patrono que despida, suspenda o discrimine contra un empleado* suyo en relación a su sueldo, salario, jornal o compensación, términos, categorías, condiciones o privilegios de su trabajo, o que deje de emplear o rehúse emplear o reemplear a una persona, o limite o clasifique sus empleados en cualquier forma que tienda a privar a una persona de oportunidades de empleo o que afecten su status como empleado, por razón de edad, según ésta se define más adelante, raza, color, sexo, origen social o nacional, condición social, afiliación política, o ideas políticas o religiosas del empleado o solicitante de empleo:
> (a) *Incurrirá en responsabilidad civil*
> (1) *por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo;*
> (2) *o por una suma no menor de cien (100) dólares ni mayor de mil (1,000) dólares, a discreción del tribunal, si no se pudieren determinar daños pecuniarios;*
> (3) *o el doble de la cantidad de los daños ocasionados si ésta fuere inferior a la suma de cien (100) dólares,* y
>
> .    .    .    .    .    .    .    .    .
>
> El tribunal en la sentencia que dicte en acciones civiles interpuestas bajo las precedentes disposiciones *podrá ordenar al patrono que reponga en su empleo al trabajador* y que cese y desista del acto de que se trate. (Énfasis suplido.) 29 L.P.R.A. sec. 146.

Acciones similares a las antes expresadas, también han

sido reconocidas por el Art. 11 de la Ley Núm. 17 de 22 de abril de 1988 (29 L.P.R.A. sec. 155j)([2]) conocida como Ley de Hostigamiento Sexual en el Empleo, y por el Art. 21 de la Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. sec. 1341)([3]) conocida como Ley de Discrimen por Razón de Sexo en el Empleo. *Tales acciones, al igual que la reconocida por la Ley Núm. 3, carecen de un término prescriptivo establecido por legislación.*

■ En *Suárez Ruiz v. Figueroa Colón*, ante, págs. 149–150, resolvimos, *en conformidad con el principio de analogía,* que el término prescriptivo que les aplica a ambas acciones *es de un año.* A estos efectos, expresamos:

> Por constituir la Ley de Discrimen en el Empleo por Sexo y la Ley de Hostigamiento Sexual en el Empleo parte de un esquema legislativo dirigido a erradicar el discrimen por razón de sexo en el empleo; por éstas reconocer acciones de carácter indemnizatorio de naturaleza similar a las acciones instadas a tenor con la Ley Núm. 100, *supra,* y a las acciones bajo el Art.

---

([2]) Este artículo dispone:

"Toda persona responsable de hostigamiento sexual en el empleo, según se define en las secs. 155 a 155l de este título, incurrirá en responsabilidad civil:

"(1) Por una suma igual al doble del importe de los daños que el acto haya causado al empleado o aspirante de empleo, o

"(2) por una suma no menor de tres mil (3,000) dólares a discreción del tribunal, en aquellos casos en que no se pudieren determinar daños pecuniarios.

"En la sentencia que se dicte en acciones civiles interpuestas bajo las precedentes disposiciones, el tribunal podrá ordenar al patrono que emplee, promueva o reponga en su empleo al empleado y que cese y desista del acto de que se trate." 29 L.P.R.A. sec. 155j.

([3]) Esta medida establece lo siguiente:

"Toda persona, patrono y organización obrera según se definen en este Capítulo, que incurra en cualquiera de las prohibiciones del mismo:

"(a) Incurrirá en responsabilidad civil:

"(1) Por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo;

"(2) o por una suma no menor de cien (100) dólares ni mayor de mil (1,000) dólares, a discreción del tribunal, si no se pudieren determinar daños pecuniarios;

"(3) el doble de la cantidad de los daños ocasionados si ésta fuere inferior a la suma de cien (100) dólares, y

.   .   .   .   .   .   .   .   .

"El tribunal en la sentencia que dicte en acciones civiles interpuestas bajo las precedentes disposiciones podrá ordenar al patrono que reponga en su empleo al empleado y que cese y desista del acto de que se trate." 29 L.P.R.A. sec. 1341.

1802 del Código Civil, 31 L.P.R.A. sec. 5141, y por iguales fundamentos a los esbozados en *Olmo v. Young & Rubicam of P.R., Inc*, supra, resolvemos que en ausencia de disposición legislativa, el término prescriptivo de las acciones instadas a tenor con las mencionadas leyes es el de un (1) año.

Por ser igualmente aplicables tales principios a la acción de discrimen por embarazo, reconocida por el inciso (a) de la Sec. 4 de la Ley Núm. 3, ante, *resolvemos que el término prescriptivo para instar esta acción es igualmente de un (1) año.*[4]

## III

En su segundo señalamiento de error, la parte apelante sostiene que las cartas remitidas por el Negociado de Normas de Trabajo del Departamento del Trabajo, dentro del año siguiente a la fecha del despido, tuvieron el efecto de interrumpir extrajudicialmente el término prescriptivo. Veamos.

El Art. 1873 del Código Civil dispone que los términos prescriptivos quedarán interrumpidos por el ejercicio de la acción ante los tribunales, por reclamación extrajudicial y por cualquier acto de reconocimiento de la obligación por el deudor. 31 L.P.R.A. sec. 5303.

---

[4] Adviértase que a pesar de la relación que guarda la Ley Núm. 3 de 13 de mayo de 1942 (29 L.P.R.A. sec. 469 *et seq.*) —en adelante Ley Núm. 3— con la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a *et seq.*) —en adelante Ley Núm. 80— debemos aclarar que esta última *no reconoce una acción civil en daños por discrimen en el empleo*, sino que fue creada con el propósito de garantizar a los empleados despedidos sin justa causa el derecho a recibir de su patrono una compensación equivalente a un mes de sueldo más una semana de sueldo por cada año de servicio. Véase Exposición de Motivos de la Ley Núm. 80 (1976 Leyes de Puerto Rico 286). La relación entre ambas legislaciones consiste básicamente en que la Ley Núm. 3 reconoce, de forma expresa, que no se considerará justa causa para el despido de una mujer embarazada su menor rendimiento en el trabajo por razón del embarazo, dando base a una acción de despido injustificado bajo la Ley Núm. 80; esto contrario a la norma establecida por el Art. 2 de la Ley Núm. 80 que reconoce como justa causa para el despido "[l]a actitud del empleado de no rendir su trabajo en forma eficiente". 29 L.P.R.A. sec. 185b. Véase *Schneider v. Tropical Gas Company, Inc.*, 95 D.P.R. 626, 632 (1967).

■ En cuanto a la reclamación extrajudicial, hemos señalado que ésta puede manifestarse a través de diversos actos. Asimismo, la ley no exige una forma especial para hacer la reclamación. No obstante, *toda reclamación extrajudicial deberá cumplir con los siguientes requisitos para que constituya una interrupción a la prescripción*: (1) debe ser oportuna, lo que exige que sea presentada dentro del término establecido; (2) el reclamante debe poseer legitimación, por lo que la reclamación debe ser ejercida por el titular del derecho o acción cuya prescripción pretende interrumpirse; (3) el medio utilizado para realizar la reclamación debe ser idóneo, y (4) debe existir identidad entre el derecho reclamado y aquel afectado por la prescripción. *De León v. Caparra Center*, 147 D.P.R. 797 (1999); *Galib Frangie v. El Vocero de P.R.*, 138 D.P.R. 560, 568 (1995).

■ En *Srio. del Trabajo v. F.H. Co., Inc.*, 116 D.P.R. 823, 824 (1985), resolvimos que la radicación de una querella administrativa, por discrimen en el empleo, ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos tiene el efecto de interrumpir la prescripción para la correspondiente acción judicial bajo la Ley Núm. 100, cuando la querella es notificada al querellado dentro del término prescriptivo de un año. De igual forma, en *Matos Molero v. Roche Products, Inc.*, 132 D.P.R. 470, 486 (1993), reconocimos que la tramitación de una querella, ante la *Equal Employment Opportunity Commission*, tiene también el efecto de suspender dicho término, hasta tanto termine el trámite administrativo. *En ambos casos, basamos nuestra decisión en dos (2) factores básicos*: la identidad de propósitos entre la acción administrativa y la civil, y en el hecho de que la notificación de la querella constituye una reclamación extrajudicial suficiente para interrumpir la prescripción. Véase *Suárez Ruiz v. Figueroa Colón*, ante.

■ Posteriormente, en *Suárez Ruiz v. Figueroa Colón*, ante, concluimos que la celebración de un *proceso in-*

*vestigativo interno* del patrono para dilucidar quejas por hostigamiento sexual, *no* paraliza el término prescriptivo para instar una acción bajo la Ley Núm. 17, ante, o bajo la Ley Núm. 69, ante, *por no existir identidad de propósito entre la acción judicial y el proceso investigativo.* Al respecto, indicamos: "No podemos atribuirle a una investigación interna realizada por un patrono en el centro de trabajo el mismo carácter que a un procedimiento instando ante las agencias administrativas encargadas del procedimiento de cargos por discrimen en el empleo a nivel estatal y federal." *Suárez Ruiz v. Figueroa Colón*, ante, pág. 154.

*Es de notar*, sin embargo, que en ese mismo caso señalamos que si la notificación de la querella que se radica en virtud del procedimiento interno cumple con los requisitos de una reclamación extrajudicial, el término prescriptivo para radicar la correspondiente acción judicial quedará interrumpido. *En estas situaciones el término prescriptivo no queda congelado por el tiempo que duren los procedimientos internos, sino que la presentación de la querella tiene el efecto de interrumpir instantáneamente la prescripción, comenzando a correr el término nuevamente.* Esto a diferencia de aquellos casos donde el trámite interno o administrativo guarda identidad de propósitos con la acción judicial, *situaciones en las cuales el término queda congelado hasta tanto culmine todo el proceso.* Íd.[5]

En el caso ante nos, la señora Maldonado presentó una querella ante el Negociado de Normas de Trabajo el 12 de junio de 1994. En virtud de esta querella, el Negociado envió dos (2) cartas al señor Russe —una el 28 de julio de

---

[5] La doctrina ha distinguido entre una interrupción de carácter instantáneo, lo que hemos denominado jurisprudencialmente como *interrupción,* y una interrupción de efectos duraderos, a lo que nos hemos referido como *congelación.* En el primero, el mismo acto hace irrelevante el tiempo pasado, comenzado a computarse nuevamente desde ese mismo momento. En el segundo, el nuevo cómputo o la nueva prescripción no comienza hasta una fecha posterior. *Suárez Ruiz v. Figueroa Colón,* 145 D.P.R. 142 (1998).

1994(⁶) y otra el 15 de marzo de 1995(⁷)— en las cuales reclamaba los salarios dejados de pagar a la señora Maldonado y su reposición en el empleo.

El proceso ante el Negociado es uno *investigativo* que puede dar base a reclamaciones por despido injustificado, salarios dejados de pagar, vacaciones y bonos, entre otras. En acciones sobre despido injustificado, hemos expresado que una vez completada la investigación, y de ser favorable el resultado para el ex empleado, el Negociado procederá a reclamar al patrono, en nombre del empleado despedido, la mesada establecida por la Ley Núm. 80. De no cumplir el patrono con lo reclamado, el ex empleado podrá acudir al tribunal a nombre propio o puede recurrir al Negociado para que lo represente judicialmente. *Acevedo v. Western Digital Caribe, Inc.*, 140 D.P.R. 452 (1996). De otro lado, el Negociado no está facultado para investigar las acciones de discrimen reconocidas por las diversas legislaciones laborales, pues tal prerrogativa corresponde a la Unidad Antidiscrimen del Departamento del Trabajo.

En consideración a las facultades del Negociado, *forzoso resulta concluir que no existe identidad de propósitos entre la querella presentada ante dicha división y la reclamación judicial de daños por discrimen en el empleo bajo la Ley Núm. 3.* No podemos atribuirle al procedimiento ante el Negociado el mismo carácter que a un pro-

---

(⁶) Mediante esta carta, se le indicó al señor Russe lo siguiente:

"Conforme a las facultades concedidas por ley este Departamento ha realizado una investigación sobre la reclamación radicada por (la) empleada Sandra Maldonado Vega. Se determinó que usted adeuda la suma de tres mil trescientos sesenta y uno con sesenta y ocho ($3,361.61) por concepto de salarios dejados de pagar más reposición según dispone la Ley Núm. 3 del 3 de marzo de 1942." Apelación, pág. 17.

(⁷) A través de esta segunda comunicación, el Negociado notificó al señor Russe sobre un reajuste realizado a la reclamación. Dicha comunicación lee de la siguiente forma:

"El resultado de un re-ajuste practicado en esta reclamación determina que usted adeuda a la empleada Sandra Maldonado Vega la suma de cuatro mil ochocientos setenta y dos ($4,872.00), por concepto de salarios dejados de pagar, según lo dispuesto en la Ley Núm. ___ del ___ de _____ de 19___ ..." Apelación, pág. 18.

cedimiento instado ante una subdivisión o agencia encargada de procesar las querellas por discrimen en el empleo.

Por no existir identidad de propósitos entre ambas acciones, y por consiguiente no haberse congelado el término prescriptivo, *nos corresponde evaluar si las cartas cursadas por el Negociado constituyeron una reclamación extrajudicial que interrumpió —no que congeló— dicho término.*

De una lectura de ambas cartas, concluimos que ninguna de ellas tuvo el efecto de interrumpir extrajudicialmente el término prescriptivo de un año aplicable a la acción de daños por discrimen en el empleo reconocida por la Ley Núm. 3. La primera de ellas, con fecha de 28 de julio de 1994 (véase escolio 6)—, solamente reclamaba al señor Russe los salarios dejados de pagar más reposición. Aunque hace referencia a la Ley Núm. 3, en momento alguno se reclaman daños por concepto del supuesto despido discriminatorio. Por su parte, la segunda carta (véase escolio 7) se limita a reclamar los salarios dejados de pagar, sin hacer referencia alguna a la Ley Núm. 3.

En conclusión, *no* existe identidad entre el derecho reclamado a través de ambas cartas, y aquel afectado por la prescripción. Además, tampoco surge de ellas en forma clara y patente una reclamación de daños por discrimen en el empleo.[8]

En atención a los fundamentos antes expresados, resulta innecesario atender el tercer señalamiento de error por lo que procede *confirmar* la sentencia emitida por el Tribunal de Circuito de Apelaciones, devolviéndose el caso al foro de instancia para que continúe con los procedimientos según intimado por el foro apelativo intermedio en la misma.

*Se dictará sentencia de conformidad.*

---

[8] A estos efectos, hemos expresado que a pesar de no haber una limitación en cuanto a los actos que puedan dar base a una interrupción extrajudicial, *es necesario que la voluntad del acreedor sea manifestada de forma patente.* Véase *Galib Frangie v. El Vocero de P.R.*, 138 D.P.R. 560 (1995).

Los Jueces Asociados Señora Naveira de Rodón y Señor Fuster Berlingeri están conformes con las Partes I y II de la ponencia, pero disintieron sin opinión escrita de su Parte III. El Juez Presidente Señor Andréu García no intervino.