ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JULIO A. TORRES GONZÁLEZ<br><br>Apelante<br><br>v.<br><br>VÍCTOR LUIS PÉREZ ORENGO Y OTROS<br><br>Apelados | TA2025AP00364 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm. AR2024CV00695<br><br>Sobre: Ley de Corporaciones; Daños y Perjuicios |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de octubre de 2025.

Comparece el Sr. Julio Torres González (en adelante, "señor Torres González" o "Apelante") mediante recurso de *Apelación* y nos solicita que revoquemos la *Sentencia* emitida y notificada el 22 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante, "TPI"). En virtud del referido dictamen, el foro primario desestimó la acción instada por el Apelante tras concluir que este carecía de legitimación activa para entablar las acciones de naturaleza derivativas. Por otro lado, determinó que las alegaciones referentes a los daños sufridos por el Apelante estaban prescritas.

Por los fundamentos que expondremos a continuación, se *confirma* la *Sentencia* apelada.

**I.**

El presente recurso tuvo su génesis el 16 de abril de 2024, cuando el señor Torres González presentó una *Demanda* al amparo de la Ley Núm. 164-2009, conocida como la Ley General de Corporaciones, 14 LPRA sec. 3501 (en adelante, "Ley de Corporaciones"), en contra del Sr. Víctor Luis Pérez Orengo (en adelante, "señor Pérez Orengo"), la Sra. María Josefa González Agraso (en adelante, "señora González Agraso") y la Sociedad de Bienes Gananciales compuesta por ambos

(en conjunto, "Pérez-González"); y Servicios de Salud del Norte, Inc., entre otros codemandados (en conjunto, "los Apelados"). Posteriormente, el 30 de agosto de 2024, el Apelante presentó una *Demanda Enmendada* en la cual alegó ser accionista de varias corporaciones, con una participación de 40%, junto con la señora González Agraso y el señor Pérez Orengo, ambos con una participación de 30%, respectivamente. Señaló que el matrimonio Pérez-González, como accionistas mayoritarios, disolvieron las corporaciones sin aviso previo y en clara violación a sus deberes fiduciarios. Añadió que los activos y recursos de las transferencias realizadas disminuyó su participación en las empresas y se le excluyó de otros beneficios como accionista. Adujo que no recibió pago alguno como parte del capital, destinados a ser distribuidos entre los accionistas, según fuera reportado en los Informes Anuales. Alegó que sufrió daños económicos que incluyen la pérdida de ingresos derivados de los dividendos no percibidos y la desvalorización de su participación accionaria. Por lo cual solicitó que se le indemnizara por los daños que sufrió a causa de los actos realizados en su contra.

Así las cosas, el 28 de octubre de 2024, los Apelados presentaron una *Solicitud Conjunta de Desestimación de la Demanda Enmendada* en la cual establecieron que el señor Torres González carece de legitimación activa para instar este pleito, toda vez que los actos detallados corresponden a una acción de naturaleza derivativa. Agregó que estos debían tramitarse a nombre de las referidas corporaciones afectadas. En cuanto a ello, señaló que el Apelante no cumple con el requisito de contemporaneidad, la cual establece que "la persona que insta la acción debe haber sido accionista al momento en que ocurrió el daño que reclama, y durante todo el procedimiento".[1] Dado a que el señor Torres González transfirió sus acciones a nombre de Iustitia Capital, LLC (en adelante, "Iustitia"), y posteriormente las acciones regresaron a su persona, este no figuró como un accionista de manera ininterrumpida. Referente a la falta de pago de los dividendos, señalaron que esto también constituye una acción derivativa que

---

[1] *Multinational Life Insurance Company v. Benítez Rivera y otros*, 193 DPR 67 (2015).

impugna la gestión administrativa de los funcionarios corporativos y sus deberes fiduciarios. Además, que la causa de acción estaba prescrita, toda vez que la Ley de Corporaciones dispone de un término de tres (3) años a partir de la disolución de la corporación para impugnar los actos de la disolución y liquidación de esta.

Por otro lado, sobre la presentación de este pleito, los Apelados plantearon que el señor Torres González está impedido de tramitar la causa de acción dado a que constituyen cosa juzgada. Explicó que los argumentos plasmados fueron litigados en el caso Iustitia Capital, LLC v. Servicios de Salud del Norte Inc. y Otros, Civil Núm. AR2022CV00748 (TPI, Arecibo, 14 de diciembre de 2022). En dicho litigio, el TPI determinó que Iustitia carecía de legitimación activa para entablar las acciones derivativas presentadas. Por otro lado, sobre las otras causas de acción, determinó que las mismas solo prosperarían si comparecía el señor Torres González como parte indispensable. Posteriormente, el 4 de noviembre de 2022, Iustitia presentó un *Desistimiento Voluntario* en cuanto a estas. Siendo así, el foro primario emitió su *Sentencia Final*, el 14 de diciembre de 2022, en la cual ordenó el archivo, sin perjuicio, de las cuatro (4) causas de acción que no fueron desestimadas en sus méritos.

Por su parte, el Apelante presentó su *Oposición a "Solicitud Conjunta de Desestimación de Demanda Enmendada",* mediante la cual argumentó que la naturaleza de este pleito es una directa, no derivativa. Expuso que su reclamación establece los daños sufridos en su carácter personal y no los sufridos por las corporaciones. A pesar de que el pleito no es de carácter derivativo, aclaró que el contrato por el cual transfirió las acciones a Iustitia fue resuelto y/o rescindido, por lo que cumple con el requisito de contemporaneidad. Señaló que la desestimación del pleito fue sin perjuicio, por lo tanto, no configura cosa juzgada. Finalmente, en cuanto a la prescripción, alegó que dos (2) de las cinco (5) corporaciones fueron disueltas el 24 de junio de 2021, por lo que, la *Demanda* se presentó dentro del plazo establecido por ley.

Conforme a ello, el TPI emitió una *Resolución Interlocutoria* el 17 de marzo de 2025, en la que declaró *No Ha Lugar* a la *Solicitud de Desestimación* presentada por los Apelados. Dispuso que el señor Torres González reclama los

daños sufridos de manera personal e independiente al daño sufrido por las corporaciones. Sobre la alegación de cosa juzgada, estableció que la controversia en el pleito anterior no fue resuelta en sus méritos y la desestimación fue sin perjuicio. Más aún, determinó que no existe identidad de partes para cumplir con los requisitos de la doctrina.

En desacuerdo, el matrimonio Pérez-González presentó una Reconsideración mediante la cual reiteró que el pleito de autos contiene las mismas reclamaciones que el Apelante instó en 2022. Reiteró que, mediante el dictamen anterior, el foro primario desestimó las causas de acción de naturaleza derivativa, por concluir que Iustitia no era accionista al momento en el que ocurrió la disolución de las corporaciones. Argumentó que la identificación del señor Torres González como parte indispensable para las causas de acción directas, atañe a la carencia de legitimación activa de Iustitia y, en consecuencia, resulta una adjudicación en sus méritos. Insistió en que la *Demanda* que nos concierne es una de carácter derivativo, la cual ya fue adjudicada en sus méritos. Por otro lado, indicó que el Apelante renunció a cualquier interés sobre la causa de acción al transferir las acciones a Iustitia y posteriormente, revertir la transferencia a su persona. Finalmente, sobre la prescripción, destacó que algunas disoluciones corporativas ocurrieron hace doce (12) años. De todos modos, señaló que estas reclamaciones debieron presentarse en o antes de diciembre de 2023.

Así pues, el Apelante presentó su *Moción de Oposición a Reconsideración.* En esta estableció que la controversia en el caso de autos es si los hechos alegados en la *Demanda* justifican su naturaleza como una acción directa. Explicó que, la presentación de un pleito, que fue desestimado por falta de legitimación activa, y que ahora es instado por el verdadero titular del derecho no es equivalente a reabrir un asunto decidido. Insistió en que sus reclamos son de naturaleza directa e independiente a los daños sufridos por las entidades. Señaló que el incumplimiento en los deberes fiduciarios provoca daños tanto a la corporación, como a los accionistas minoritarios. Por ende, es erróneo determinar que, simplemente porque se señalan los deberes fiduciarios de los

oficiales de la corporación, automáticamente convierte sus alegaciones en unas de índole derivativo. En cuanto al señalamiento de prescripción, relató que esta reclamación surge por virtud de una violación contractual sujeta a las disposiciones y deberes fiduciarios establecidos en la Ley de Corporaciones. Agregó que, según la teoría cognoscitiva del daño el término prescriptivo comienza desde que tuvo todos los elementos para entablar la acción. Más aún, expuso que en este caso de acciones personales el término de prescripción aplicable es de quince (15) años, conforme al Código Civil de 1930.

Resulta importante destacar que, en este caso el TPI citó a las partes para la celebración de una vista argumentativa, a celebrarse el 25 de junio de 2025, referente a la solicitud de reconsideración presentada por los Apelados. Según la *Minuta*, emitida el 27 de junio de 2025, el foro primario suscitó tres (3) interrogantes, a saber: (1) si existe alguna alegación de índole derivativa en la demanda; (2) el efecto en este caso de la anulación del acuerdo entre Iustitia y el señor Torres González; y (3) el efecto de la nulidad de ese contrato sobre las partes y los terceros que no fueron parte de ese acuerdo.

Consecuentemente, el TPI emitió su *Sentencia Final* el 22 de agosto de 2025, por medio de la cual desestimó el pleito, con perjuicio. El foro de instancia determinó que las alegaciones referentes a la administración negligente y deficiente de las entidades son de índole derivativa, toda vez que no establecen un daño independiente al sufrido por la corporación. Por ello, cualquier remedio que se pudiera otorgar, es en beneficio de las entidades. Concluyó que la pérdida de ingresos derivados de los dividendos no percibidos y la desvalorización de la participación accionaria también constituyen una acción derivativa. Agregó que el daño que experimenta un accionista como resultado de la privación de un voto no es independiente, sino que surge del daño que originalmente experimenta la corporación.

Sobre la prescripción, especificó que, el 14 de diciembre de 2022, el foro primario emitió una *Sentencia* referente a las causas de acción. Dado a que en este caso no existe un contrato entre el señor Torres González y el matrimonio Pérez-González, el TPI adujo que la naturaleza de este pleito es de índole

extracontractual. Así pues, señaló que el término prescriptivo aplicable es de un (1) año, por lo cual, la causa de acción presentada prescribió el 14 de diciembre de 2023.

Inconforme, el Apelante presentó el recurso que nos ocupa mediante el cual imputó al foro de instancia la comisión de los siguientes errores:

**A. ERRÓ EL TRIBUNAL DE INSTANCIA AL DESESTIMAR LA DEMANDA ENMENDADA BAJO EL FUNDAMENTOS DE QUE LAS CAUSAS DE ACCIÓN DE TORRES GONZÁLEZ ERAN DERIVATIVAS Y NO DIRECTAS, POR LO QUE NO TENIA LEGITIMACIÓN ACTIVA PARA PROSEGUIRLAS.**

**B. ERRÓ EL TRIBUNAL DE INSTANCIA AL DESESTIMAR EL PLEITO CON PERJUICIO EN LUGAR DE PERMITIR QUE TORRES GONZÁLEZ ENMENDAR LA DEMANDA PARA ENCAUSAR LAS CAUSAS DE ACCIÓN A NOMBRE DE LAS CORPORACIONES DE FORMA DERIVATIVA.**

**C. ERRÓ EL TRIBUNAL DE INSTANCIA AL DESESTIMAR LA DEMANDA ENMENDADA IGNORANDO EL TERMINO APLICABLE A LAS CAUSAS DE ACCIÓN DEL DEMANDANTE.**

El 24 de septiembre de 2025, emitimos una *Resolución* en la que otorgamos al Apelado un término de treinta (30) días para presentar su oposición al recurso instado. Así pues, el 24 de octubre de 2025, el Apelado presentó una Alegato Conjunto en Oposición a la Apelación Presentada por Julio A. Torres González.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil, *supra*, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) **dejar de exponer una reclamación que justifique la concesión de un remedio**;
(6) dejar de acumular una parte indispensable. *Íd.*

(Énfasis suplido)

Con el fin de evitar que los procesos judiciales se dilaten innecesariamente, la Regla 10.7 de Procedimiento Civil, *supra*, obliga a la parte que presente una moción al amparo del discutido estatuto a acumular todas las mociones y defensas a las que entienda que tenga derecho, con excepción de las defensas provistas en las Reglas 10.2 (1) y 10.8 (b). En ese sentido, "[l]as reglas no pueden permitir que todas estas mociones se presenten separadamente porque se dilataría el proceso innecesariamente. Todas se deben formular conjuntamente y resolverse de una vez por el tribunal". R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., LexisNexis de Puerto Rico, 2017, Cap. 26, Sec. 2607, págs. 310-311.

Específicamente, la precitada Regla 10.7 de Procedimiento Civil, *supra*, lee como sigue:

> La parte que presente una moción de acuerdo con esta Regla 10, puede unirla con las demás mociones que en la misma se disponen y a las cuales tenga entonces derecho. La parte que presente una moción de acuerdo con esta Regla 10 y no incluya en ella cualquiera de las defensas y objeciones a que tenga derecho y que esta Regla 10 le permita presentar mediante moción, no podrá presentar luego una moción fundada en las defensas u objeciones así omitidas, **excepto las provistas en las Reglas 10.2(1) y 10.8(b)**.

> (Énfasis suplido)

Por otra parte, la Regla 10.8 (b) de Procedimiento Civil, *supra*, dispone lo siguiente:

> (b) **La defensa de haber dejado de exponer una reclamación que justifique la concesión de un remedio**, la defensa de haber omitido acumular una parte indispensable como se dispone en la Regla 16 y la objeción de haber omitido exponer una defensa legal a una reclamación, pueden hacerse mediante cualquier alegación permitida u ordenada según lo dispuesto en la Regla 5.1, mediante una moción para que se dicte sentencia por las alegaciones o en el juicio.

> (Énfasis suplido)

Al respecto, el Tribunal Supremo expresó en *Conde Cruz v. Resto Rodríguez et. al*, *supra*, a las págs. 1066-1067, lo siguiente:

> Conforme las Reglas 10.7 y 10.8(b) de Procedimiento Civil antes citadas, **la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio no está sujeta a la regla general sobre acumulación y renuncia de defensas** que la Regla 10.7, supra, instituye. En contraste, esta defensa -de ordinario- no se entiende renunciada aun si no se acumula en una moción al amparo de la Regla 10 de Procedimiento Civil, supra, y puede

aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e incluso luego de comenzado el juicio. Regla 10.8(b) de Procedimiento Civil, *supra.*

(Énfasis suplido)

Finalmente, para que prevalezca una solicitud de desestimación al amparo de la Regla 10.2, *supra,* el tribunal debe convencerse con certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Rivera Sanfeliz et al. V. Jta. Dir. Firstbank,* 193 DPR 38, 49 (2015).

**B.**

Los directores y oficiales corporativos tienen un deber de velar por los mejores intereses de la corporación y de todos sus accionistas. *Eastern Sands, Inc. v. Roig Comm. Bank,* 140 DPR 703, 717 (1996). Cuando los administradores de la corporación incumplen con estas obligaciones, los accionistas pueden verse precisados a vindicar sus propios derechos, así como los de la corporación. Para ello, cualquier accionista tiene disponibles dos acciones especiales en el derecho de corporaciones: la acción derivativa y la acción directa.

La acción derivativa es una reclamación, iniciada por los accionistas en las ocasiones que la propia corporación ha fallado en reclamar sus derechos contra aquellas personas, externas o internas, que le han ocasionado algún daño a la entidad. Véase C. E. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo,* Ed. 2018, pág. 428. De ordinario, sucede que los directores y oficiales —que son las personas llamadas a tomar acción para proteger y reclamar los derechos de la corporación— por alguna razón no actúan, y los accionistas se ven precisados a vindicar los derechos de su corporación. *Íd.* Como la acción derivativa se insta para vindicar algún derecho de la corporación, cualquier recobro que se logre pertenece a esta. *Íd.* Es decir, dicha acción procede cuando los directores no están tomando decisiones para el beneficio de los accionistas. La acción presentada es el remedio de los accionistas para vindicar violaciones al deber de fiducia que le deben sus directores y oficiales. *Rivera Sanfeliz v. Junta de Directores,* supra.

La Ley de Corporaciones establece en su Artículo 12.006:

En cualquier pleito entablado por un accionista a beneficio de alguna corporación organizada con arreglo a las leyes del Estado Libre Asociado, deberá alegarse en la demanda que el demandante era accionista de la corporación cuando se efectuó la transacción impugnada, o que las acciones le fueron transferidas luego de la transacción por ministerio de ley. 14 LPRA sec. 3786.

Como se desprende, para que proceda una acción derivativa, es necesario que el accionista promovente haya sido accionista al momento en ocurrieron los hechos sobre los cuales reclama una causa de acción, o que las acciones le hayan sido transferidas en una fecha posterior por disposición de ley. *Multinational Life v. Benítez Rivera*, 193 DPR 67, 80 (2015). Los requisitos para instar la acción derivativa son (1) la corporación debe incluirse como parte demandada; (2) la persona que insta la acción debe haber sido accionista al momento en que ocurrió el daño que reclama, y durante todo el procedimiento; (3) antes de acudir al tribunal, el accionista debe reclamar a los administradores de la corporación que tomen acción sobre el particular; (4) por tratarse de una acción en equidad, el accionista está sujeto a las defensas tradicionales de equidad, como manos limpias, impedimento, incuria y renuncia, entre otras, y (6) el pleito no debe transigirse ni desistirse sin la autorización del tribunal. *Íd.* nota al calce 10 (2015) (citas omitidas).

Para diferenciar si una acción es derivativa o directa, la Corte Suprema de Delaware estableció que los factores a analizar son: (1) quién experimentó el daño y (2) quién recibirá el beneficio de cualquier recobro u otro remedio. *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004). Más aún, se aclaró que el accionista deberá establecer que el daño percibido es separado y distinto a cualquier lesión percibida por la corporación. *Íd.*

En cuanto a las acciones directas, estas se han desarrollado en términos contractuales de los accionistas con respecto a la corporación como el derecho al voto, acciones para obligar el pago de dividendos, para prevenir opresión o fraude en los accionistas minoritarios, entre otras. C. E. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo*, 2da ed., 2018, pág. 429, citando a 2 American Law Institute, Principles of Corporate Governance:

Analysis and recommendations sec. 7.01, com. C (1994). Es importante resaltar que, un simple reclamo de dilución no convierte en directa una acción comúnmente comprendida como una acción derivativa. Díaz Olivo, *supra,* págs. 430-431.

Una corporación íntima o cerrada (*closely held corporations*) es aquella cuyas acciones son propiedad de un número reducido de personas y que participan en la administración y operación de la empresa. *Íd.* pág. 483. Las entidades íntimas se distinguen por sus estructuras y administración. *Elaine Exp. Ltd. v. Maderas Alfa, Inc.*, 156 DPR 532, 541 (2002). En estas, los accionistas se consideran socios y de desempeñan en roles como accionistas o directores en cuanto a sus relaciones con terceros. *Liquilux Gas Corp. v. Berríos, Zaragoza,* 138 DPR 850 (1995). Además, sus accionistas pudieran estar íntimamente relacionados por los lazos de familia, amistad o negocios. *Elaine Exp. Ltd. v. Maderas Alfa, Inc.*, supra, pág. 541.

Referente a las acciones derivativas o directas, se ha determinado que, en los casos donde la corporación es íntima o cerrada, se pudiera presentar una acción directa aun cuando la corporación haya percibido un daño si esta no lo sufre de manera similar o sus accionistas mayoritarios. Sin embargo, la Corte Suprema de Delaware ha sido enfática que el análisis aplicable es identificar quien sufrió el daño y a quien se dirige el remedio. *Brookfield Asset Management, Inc. v. Rosson,* 261 A.3d 1251 (2021). Es decir, la identidad de la parte que ocasiona el daño no tiene efecto alguno en el pleito que se debe presentar. *Íd.,* pág. 1274. En el caso antes citado, la corte decidió revocar su opinión en *Gentile v. Rossette,* 906 A.2d 91 (2006) de la cual se desprendía la naturaleza dual de las reclamaciones en estos casos. *Íd.* De igual manera, se determinó que no existe una razón para permitir acciones directas en casos referentes a la dilución de una corporación en contra de los accionistas mayoritarios. *Íd.*

**C.**

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, establece el trámite para enmendar las alegaciones. Al respecto, dispone lo siguiente:

Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera.** La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo.

(Énfasis suplido)

Cónsono con esta disposición, una vez que las partes han intercambiado alegaciones, solamente podrán enmendarlas con el consentimiento escrito de la parte contraria o con el permiso del tribunal. Nuestro más Alto Foro ha resuelto que los tribunales deberán conceder el permiso para enmendar las alegaciones originales de forma liberal, aun cuando el proceso se encuentre en una etapa avanzada. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 198 (2012). A lo anterior, debe integrarse que existe una clara política judicial de que los casos se ventilen en sus méritos. *Íd.*

A pesar de que las Reglas de Procedimiento Civil favorecen un enfoque liberal para autorizar enmiendas a las alegaciones, esta liberalidad no es infinita. *Colón Rivera v. Wyeth Pharm., supra*, pág. 199, citando a *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322 (2010); *Romero v. S.L.G. Reyes*, 164 DPR 721, 730 (2005); *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1976). En atención a ello, los tribunales poseen amplia facultad discrecional para permitir enmiendas a una demanda, aun en etapas avanzadas del procedimiento. *Colón Rivera v. Wyeth Pharm., supra*, pág. 198. Véase J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, Colombia, 3ra Ed., 2023, pág. 163.

El Tribunal Supremo ha expresado que, antes de autorizar una enmienda a las alegaciones, se debe analizar y tomar en consideración: (1) el impacto del tiempo trascurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada. *Colon Rivera v. Wyeth Pharm, supra*, pág. 199, citando a *S.L.G. Sierra v. Rodríguez*, 163 DPR

738, 748 (2005). Sin embargo, el Alto Foro ha reiterado que, "[e]l factor que resulta de mayor relevancia al momento de evaluar una solicitud de autorización para enmendar las alegaciones es el perjuicio que puede causarse a la parte contraria". *Íd.* Se ha señalado que "ocurre perjuicio indebido cuando la enmienda: (1) cambia sustancialmente la naturaleza y alcance del caso, convirtiendo la controversia inicial en tangencial, o (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba". *Íd.*

Por lo que, estas enmiendas se podrán utilizar para abundar en las alegaciones presentadas originalmente, ampliar las causas de acción expuestas de la demanda o para añadir otra causa de acción. *León Torres v. Rivera Lebrón*, 204 DPR 20, 66 (2020). Incluso, el cambio en la teoría original no debe ser un impedimento para denegar una solicitud de enmienda en las alegaciones. *Íd.*

**D.**

La prescripción extintiva es una figura de naturaleza sustantiva y "una de las formas establecidas en el Código Civil para la extinción de las obligaciones". *Santos de García v. Banco Popular*, 172 DPR 759, 766 (2007). Su propósito es "promover la seguridad en el tráfico jurídico y la estabilidad de las relaciones jurídicas". *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 373 (2012); *Maldonado v. Russe*, 153 DPR 342, 347 (2001). Con ello, se estimula el ejercicio rápido de las acciones y se castiga la inercia en el ejercicio de los derechos. *Meléndez Guzmán v. Berríos López*, 172 DPR 1010, 1017 (2008); *Santos de García v. Banco Popular*, supra, pág. 767.

El Artículo 1861 del Código Civil establece que: "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley". 31 LPRA sec. 5291. Por tanto, la prescripción extintiva se configura con el cumplimiento de los siguientes requisitos: (1) la existencia de un derecho que se pueda ejercitar, (2) la falta de ejercicio o inercia por parte del titular del mismo, y (3) el transcurso del tiempo determinado en ley, sin que se haya ejercido el derecho o interrumpido de forma eficaz y oportuna. *Santos de García v. Banco Popular*, supra, pág. 766.

Si bien la eficacia de la prescripción es automática y surge con el transcurso del tiempo estatutariamente establecido, esta debe plantearse como una defensa afirmativa o, de lo contrario, se entiende renunciada. *Meléndez Guzmán v. Berríos López*, supra, pág. 1017. Al respecto, el Tribunal Supremo de Puerto Rico ha expresado que: "cuando transcurre el periodo de tiempo que fija la ley [...] el deudor queda liberado de su obligación en tanto puede negarse a cumplir con la misma bajo el fundamento de que esta fue reclamada tardíamente". *Íd.*, pág. 1018.

La fijación de términos prescriptivos pretende evitar las sorpresas que generan siempre la resucitación de viejas reclamaciones, además de las consecuencias inevitables del transcurso del tiempo, tales como: pérdida de evidencia, memoria imprecisa y dificultad para encontrar testigos. *Fraguada Bonilla v. Hosp. Aux. Mutuo,* supra, pág. 373; *Santos de García v. Banco Popular*, supra, pág. 767.

En cuanto al término para presentar la acción derivativa, el Artículo 47 del Código de Enjuiciamiento Civil dispone que estas acciones habrán de entablarse dentro de tres (3) años después que el agraviado tuvo conocimiento de los hechos que originaron la indemnización o caducidad, o de haberse creado la responsabilidad. Véase 32 LPRA sec. 261.

La Ley de Corporaciones establece que "[u]n accionista de una corporación disuelta cuyos activos fueron distribuidos a los accionistas, no será responsable por ninguna reclamación contra la corporación en la cual la acción, pleito o procedimiento no es comenzado antes de la terminación del periodo prescrito en el Artículo 9.08 de esta Ley". 14 LPRA sec. 3712. El termino aludido es de tres (3) años de personalidad jurídica limitada luego de la disolución de la corporación. 14 LPRA sec. 3708. La disposición legal también dispone de otros mecanismos a utilizarse una vez culmina la extensión de la personalidad jurídica. Véase 14 LPRA sec. 3709. Ambos articulados parten de la premisa de que la propiedad de la corporación no pasa a los accionistas luego de la disolución, "sino que sigue perteneciendo a la corporación". *Miramar Marine v. Citi Walk,* 198 DPR 684, 696 (2017). Nuestro Tribunal Supremo, al igual que en

Delaware, ha resuelto que, una vez expirado el plazo dispuesto en ley, el único remedio con el que cuenta la corporación para liquidar cualquier propiedad es el esbozado Artículo 9.09. *Íd.* pág. 697.

**III.**

En el presente caso, el señor Torres González nos solicita que revoquemos la *Sentencia Final* mediante la cual el TPI desestimó, con perjuicio, su reclamación sobre la acción de índole directa, más daños y perjuicios. El Apelante imputó la comisión de tres (3) errores, en síntesis, al determinar que la causa de acción era de naturaleza derivativa y por ende este carecía de legitimación activa, que erró al desestimar el pleito en lugar de permitir la enmienda de la *Demanda* y al establecer que su causa de acción estaba prescrita.

Por su parte, los Apelados plantean que la *Demanda* es una de índole derivativa, toda vez que el señor Torres González no puede establecer un daño independiente al sufrido por la corporación. Además, señalaron que las causas de acción presentadas están prescritas, toda vez que el Apelante debió presentar sus reclamos en o antes de diciembre de 2023.

En el primer error, el Apelante establece que el TPI erró al concluir que su causa de acción era de naturaleza derivativa y este carecía de legitimación activa para entablar la acción.

Las acciones derivativas son aquellas, instadas por los accionistas, en circunstancias en las que la propia corporación y sus funcionarios fallaron en reclamar los daños sufridos por la entidad. En estos casos, razonablemente el remedio pertenece a esta también. En la acción directa, el accionista reclama un remedio individual, que no afecta a la corporación o a los demás accionistas. Como regla general, cuando los directores y oficiales incumplen con las obligaciones, los deberes de fiducia y la administración de las corporaciones, estos podrían ser responsables mediante una acción derivativa. Para diferenciar la acción derivativa de una acción directa nos debemos preguntar quién sufre el daño y a quién se dirige el remedio que se solicita. Una vez superado este análisis, debemos determinar si el accionista lesionado puede demostrar un daño separado e independiente al que sufrió la corporación.

A la luz de lo antes discutido, los daños alegados por el Apelante son de naturaleza derivativa. El señor Torres González detalló que sus daños consisten en la violación de los deberes fiduciarios de los accionistas mayoritarios, privación de su participación accionaria y la retención del pago de dividendos producto de la transferencia de las acciones. Además, alegó que los activos fueron transferidos a nuevas corporaciones que son propiedad exclusiva de los accionistas mayoritarios, con el fin de excluir su participación.

Si bien es cierto que la causa de acción señala la falta en los deberes fiduciarios, que comúnmente se dilucidan mediante acciones derivativas, el Apelante plantea ciertos daños que este sufrió de manera individual y exclusiva. No obstante, es necesario comprender que estos daños surgen precisamente del daño originalmente sufrido por las corporaciones. Es decir, sosteniendo que la disolución se hizo de manera válida, debemos entender que a raíz de este cierre es que se desarrollan los daños particulares del señor Torres González. Por lo que no puede demostrar un daño independiente a aquel sufrido por la corporación.

El próximo planteamiento del Apelante es que el foro primario debió permitir la enmienda a las alegaciones en lugar de promover la desestimación del pleito.

Las Reglas de Procedimiento Civil permiten a las partes la enmienda de las alegaciones de manera liberal, en cualquier momento de los procedimientos. No obstante, su permisibilidad no es infinita. Los tribunales gozan de amplia discreción para autorizar las enmiendas a las alegaciones en etapas avanzadas del litigio. Además, están llamados a hacer un análisis del efecto que tendrán tales enmiendas en el pleito, enfocadas primordialmente en el perjuicio que pueda ocasionar a la otra parte.

Una evaluación objetiva de los criterios señalados en la discusión nos lleva a concluir que el foro primario no incidió al desestimar el pleito. Este caso tuvo su génesis el 16 de abril de 2024, posteriormente, el 30 de abril de 2024, el Apelante sometió una *Demanda Enmendada*. El TPI, acorde a su discreción, permitió tal enmienda y otorgó a las corporaciones un término de veinte (20) días

para contestar a estas nuevas alegaciones. Durante toda la tramitación, el apelante ha sostenido que sus reclamos son de índole directas, no derivativas. Por lo que, realizar una enmienda para cambiar la naturaleza del mismo resultaría perjudicial para los Apelados. Más aún cuando la acción derivativa contiene otras exigencias legales que se deben cumplir previo a la radicación de un caso ante los tribunales.

En su tercer error, el Apelante señala que el término de prescripción aplicable es de tres (3) años según el Código de Enjuiciamiento Civil. Ello, fundamentado en que su reclamación está basada en los deberes de lealtad y fiduciarios de los accionistas. Específicamente dispone que presentó el pleito en un término menor de tres (3) años, contados a partir de la desestimación del 14 de diciembre de 2022. Por otro lado, señaló que el término prescriptivo aplicable es de quince (15) años según el Código Civil de 1930. Sin embargo, al no existir un contrato entre las partes, el término prescriptivo aplicable es el de las acciones extracontractuales, contados a partir desde la fecha en que ocurrió el daño. Por lo que alega es incorrecto determinar que su causa de acción esta prescrita.

Como expusimos previamente, nuestra Ley de Corporaciones extiende la vigencia de la personalidad jurídica por un término de tres (3) años luego de la disolución para la tramitación y adjudicación de asuntos pendientes. Una vez transcurrido ese término, la corporación cesa de existir. Si aun quedara propiedad de la corporación que no haya sido adjudicada, el método para lograr tal atribución únicamente puede realizarse mediante los mecanismos expuestos en el Artículo 9.09.

Surge de las alegaciones que la última disolución ocurrió el 21 de junio de 2021. Por lo que el Apelante propone que disponía de un término de tres (3) años para presentar la causa de acción. No obstante, la base del petitorio del señor Torres González surge a raíz de los daños sufridos en su carácter personal. Dado a que entre las partes no existe un contrato, es inaplicable el término sugerido por el Apelante. Es decir, ante un pleito de naturaleza extracontractual, el término prescriptivo de la acción es de un (1) año. Ahora bien, se desprende del

expediente la tramitación de estas alegaciones en el caso Iustitia Capital, LLC v. Servicios de Salud del Norte Inc. y Otros, Civil Núm. AR2022CV00748 (TPI, Arecibo, 14 de diciembre de 2022). De modo que, el señor González Torres contaba con un periodo de un (1) año para la presentación del caso de autos, es decir, hasta el 14 de diciembre de 2023. En vista de que el caso de marras se presentó el 16 de abril de 2024, su tramitación ha sido a destiempo.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta *Sentencia*, confirmamos la misma en su totalidad.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones